UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MARK A. LEWIS, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | No. 1:13-cv-280-JMS-MJD |
| ) | |
| STATE OF INDIANA, ) | |
| ) | |
| Respondent. ) | |

**Entry Discussing Petition for a Writ of Habeas
Corpus and Denying Certificate of Appealability**

For the reasons explained in this Entry, the petition of Mark Lewis for a writ of habeas corpus must be **denied** and the action dismissed without prejudice. In addition, the court finds that the certificate of appealability should not issue**.**

**I.**

Lewis' petition for a writ of habeas corpus is subject to preliminary review required by Rule 4 of the *Rules Governing Section 2254 Proceedings in the United States District Court.* Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." *See Small v. Endicott,* 998 F.2d 411, 414 (7th Cir. 1993).

"[W]hen examining a habeas corpus petition, the first duty of a district court . . . is to examine the procedural status of the cause of action." *United States ex rel. Simmons v. Gramley,* 915 F.2d 1128, 1132 (7th Cir. 1990). That examination should entail two inquiries: "whether the petitioner exhausted all available state remedies and whether the petitioner raised all his claims

during the course of the state proceedings." *Henderson v. Thieret,* 859 F.2d 492, 496 (7th Cir. 1988), *cert. denied,* 109 S. Ct. 1648 (1989). "If the answer to either . . . inquir[y] is `no,' the petition is barred either for failure to exhaust state remedies or for procedural default." *Id*.

As to exhaustion of state remedies, a petitioner must "assert his federal claim through one complete round of state-court review, either on direct appeal of his conviction or in post-conviction proceedings . . . . This means that the petitioner must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory." *Lewis v. Sternes,* 390 F.3d 1019, 1025–26 (7th Cir. 2004).

Lewis claims that his 2010 conviction in Marion County for Burglary is tainted by errors of prosecutorial misconduct and ineffective assistance of counsel. Lewis notes in his petition for writ of habeas corpus that the appeal of the denial of his petition for post-conviction relief in No. 49G05-1008-PC-066083 is pending. Until that process is complete, a habeas challenge is premature.

"The purpose of exhaustion is not to create a procedural hurdle on the path to federal habeas court, but to channel claims into an appropriate forum, where meritorious claims may be vindicated and unfounded litigation obviated before resort to federal court." *Keeney v. Tamayo-Reyes,* 504 U.S. 1, 10 (1992). As presented at this point, therefore, Lewis' petition for writ of habeas corpus does not permit the court to consider the merits of his claims. The action will therefore be dismissed without prejudice.

Judgment consistent with this Entry shall now issue.

## II.

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the *Rules Governing ' 2254 Proceedings*, and 28 U.S.C. ' 2253(c), the court finds that Lewis has failed to show that reasonable jurists would find it "debatable whether [this court] was correct in its procedural ruling.@ *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date: 05/07/2013

Distribution:

Mark Anthony Lewis
2250 N. Capitol Avenue
Indianapolis, IN 46208

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana